UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SHANNON J. SPEARS                                                                                    PLAINTIFF

V.                                      No. 4:20-CV-00337-LPR-JTR

ARIKA BOWERS, Nurse,
White County Detention Center, *et al.*                                                    DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Lee S. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Discussion

On March 25, 2020, Plaintiff Shannon J. Spears ("Spears"), a prisoner in the White County Detention Center ("WCDC"), filed a pro se § 1983 Complaint alleging that Defendants violated her constitutional rights. *Doc. 2*. On April 3, 2020, the Court entered an Initial Order for Pro Se Prisoners that notified Spears: (1) of

her obligation, under Local Rule 5.5(c)(2), to promptly notify the Court of any change in her mailing address; and (2) if she failed to do so, her case may be dismissed. *Doc. 3*.

On December 30, 2020, the Court mailed Spears an Order that was addressed to her last known mailing address, the WCDC. *Doc. 4*.[1] This Order advised Spears that, if she wished to continue with this lawsuit, she must provide the Court with her current mailing address, or her case would be dismissed, without prejudice. The envelope containing this Order and addressed to Spears at the WCDC was later returned "undeliverable". *Doc. 5*. Thus, after initiating this action on March 25, 2020, Spears has neither taken any steps to prosecute her claims nor advised the Court of her current mailing address.

Accordingly, based on Spears failure to comply with her obligations under Local Rule 5.5(c)(2), the Court recommends that this action be dismissed, without prejudice.

IT IS THEREFORE RECOMMENDED THAT:

---

[1]When the Court mailed the December 30, 2020 Order, it had reason to believe Spears might no longer be incarcerated in the WCDC, based on orders and papers mailed to her at the WCDC that were returned "undeliverable" in another lawsuit she had pending in the Eastern District of Arkansas. *See Spears v. White County Detention Center*, No. 4:20-cv-00266-DPM.

Before mailing the December 30, 2020 Order to Spears, the Court, *sua sponte*, checked the inmate roster for the Arkansas Division of Corrections and determined that Spears was not listed as a prisoner. Thus, as of December 30, 2020, it appeared Spears had been released from the WCDC and was residing at some unknown free world address which she had failed to provide to the Court, as required by Local Rule 5.5(c)(2).

1. Spears's case be DISMISSED, WITHOUT PREJUDICE, due to a lack of prosecution.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 16th day of March, 2021.

*[signature: J. Thomas Ray]*
_____
UNITED STATES MAGISTRATE JUDGE